In the Matter of FRANCIS R. BELGE, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, December 9, 1977

### APPEARANCES OF COUNSEL

*David E. Brennan (Paul J. Ginnelly* of counsel), for petitioner.

*Francis R. Belge, pro se,* and *Francis E. Maloney* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar in the Third Department in October, 1954. Petitioner moves to confirm the report of the Referee which sustained two specifications of professional misconduct. The first related to his failure, as adminis-

trator of an estate, to petition and qualify timely for letters of administration and to co-operate with the Surrogate's Court and counsel. Although respondent arranged for another attorney to perform the legal services in connection with the estate, we do not believe that he has thus insulated himself from the professional ethical responsibility mandating his attendance to legal matters entrusted to him (DR6-101, subd [3]).

Under the second specification, the Referee concluded that respondent was in violation of the disciplinary rules by filing a suit knowing that it would serve merely to harass or maliciously injure another. In this regard, we accept the Referee's finding that Doris Hahn, a defendant in the action commenced by respondent, had not guaranteed to pay respondent his fee for legal services rendered to another. Respondent knew or obviously should have known that the claim was unwarranted, and is therefore in violation of DR7-102. We view the fact that respondent voluntarily abandoned his claim, however, as alleviating the degree of impropriety ordinarily associated with such a breach.

In the circumstances of this case, we confirm the Referee's report sustaining the charges of professional misconduct and find that a censure would be appropriate.

Respondent should be censured.

MARSH, P. J., MOULE, DILLON, DENMAN and WITMER, JJ., concur.

Order of censure entered.