In the Matter of FRANCIS R. BELGE, an Attorney, Respondent. OFFICE OF GRIEVANCE COMMITTEE FOR THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 10, 1980

### APPEARANCES OF COUNSEL

*David E. Brennan (Paul J. Ginnelly* of counsel), for petitioner.

*Baker & Baker (William Baker* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner Grievance Committee for the Fifth Judicial District has brought charges against respondent, an attorney admitted to the practice of law in the Third Judicial Department on the 18th day of October, 1954. The charges were referred to the Honorable JOHN R. MURRAY who took testimony with respect to three matters charged in the petition. Subsequently, at respondent's request, the matter was remitted to Judge MURRAY to afford him an opportunity to submit additional proof with respect to Charge 3.

Upon the return date of petitioner's motion to confirm the findings made by the Referee, additional time was offered respondent's attorney to prepare and file a brief with this court and, further, to submit such evidence in affidavit form as to respondent's good character as he deemed advisable. Respondent's brief and the affidavits of good character have been received.

Three charges were brought by the Grievance Committee. The Referee found that in all instances alleged the respondent had engaged in professional misconduct. We find that the evidence presented amply supports the Referee's determination on each charge.

In Charge 1 petitioner claims that at a 1977 foreclosure sale in Jefferson County respondent, who had represented the mortgagors, bid on the property in the name of George T. Mahshie (respondent's law partner) or his assigns. The Referee's report of sale and a deed were made out with Mahshie as grantee. Without the foreclosure referee's knowledge or permission, Mr. Belge later erased the name George T. Mahshie from the deed and inserted, instead, the name Winfred J. Smith. The altered deed was then recorded in the Jefferson County Clerk's office. The referee found that in so doing

respondent "engaged in professional misconduct in that he did not use proper legal procedures in either obtaining a new Referee in Bankruptcy Deed naming Mr. Winfred J. Smith as grantee, or in not first recording the Referee's Deed, and then recording a new deed with the original grantee Mahshie, as grantor, to Winfred J. Smith, as grantee; that the procedures the respondent knowingly followed caused a cloud on the title to the real property".

Turning to Charge 2, it appears that when Cedric Langdell died in 1968 his estate amounted to $59,638.57. Under the will respondent was appointed executor. Even though this will simply devised all testator's property to his brother and sister, a final accounting was never filed. Respondent undertook to act both as executor and as attorney for the estate. He charged a fee of $13,500 for his services in these two capacities. The Referee's finding that Mr. Belge "engaged in professional misconduct in that he failed to file an affidavit requesting the Onondaga County Surrogate's court to fix and approve his commissions as executor * * * that the respondent has taken attorney's fees from the estate in excess of the amount set forth in the petition to fix the New York State Estate Tax, and in excess of the amount that would be normally granted in an estate of this size and work; that he failed to distribute the assets of the estate to the heirs; that he has failed to conclude and close the estate in accordance with proper Surrogate procedures within a reasonable period of time" is entirely reasonable and well supported by exhibits, the testimony of the testator's sister, the testimony of David Klin (Deputy Clerk of Surrogate's Court) and respondent's admissions.

Finally, we consider the allegations of the petition contained in Charge 3. In 1966 respondent was appointed as trustee for a trust established by the will of Sherman E. Walter and two years later received the various assets of the estate including cash, stocks and real property. The will instructed the trustee to dispose of the real property and make quarterly payments to the beneficiary. Mr. Belge failed to arrange for the sale of the land until 1978, although he did sell $3,000 worth of gravel fill to the Van Buren Land Company or Congel-Hazard, or both. In any event, the fill was sold, but Mr. Belge kept no record and he does not have any recollection of the disposition of the proceeds of the sale. The estate held a mortgage in the

amount of $1,100 at the time respondent took over its assets. Mr. Belge was not able to produce any records indicating the disposition of mortgage payments made during his tenure. He also neglected to pay the property taxes even though there were assets in the trust from which those payments could have been made. As a result the property was sold for taxes. Most serious is the fate of some $4,000 in dividends paid to the estate from March 10, 1969 to March 10, 1978. In a letter Standard Oil Company of Indiana states that all but two of the dividend checks were presented and paid. Mr. Belge, however, was able to present no evidence that the checks ever passed through the trust account. In fact, the evidence showed that respondent was depositing the dividend checks in his own account. The 67-year-old life beneficiary of the trust did testify that the relationship between herself and the Belge family was very close and that she had told respondent to keep the dividends in payment of his fee. She had no idea, however, as to how much these dividends which Mr. Belge kept amounted to. The Referee found that respondent appropriated estate funds for his own use; that he neglected to pay real estate taxes when due; that he failed to make the required payments to the life beneficiary; and that he failed properly to account for the assets of the trust.

We affirm these findings of the Referee and conclude that they constitute serious misconduct. We further find that respondent's actions in these matters violated various Disciplinary Rules of the Code of Professional Responsibility (DR 1-102 [A] [4], [6], DR 9-102 [B] [3], [4]) and certain rules of this Department (22 NYCRR 1022.5 [a], [b]; 1022.8).

Respondent has been previously censured for his conduct in unrelated matters by order of this court dated December 9, 1977 (59 AD2d 497).

Accordingly, respondent should be suspended from the practice of law for a period of three years and until the further order of the court.

DILLON, P. J., SCHNEPP, CALLAHAN, DOERR and WITMER, JJ., concur.

Order of suspension entered.